TRINITY UNIVERSAL INSURANCE COMPANY and Southern County Mutual Insurance Company, Petitioners,

v.

**Ronnie Dale BLEEKER, Respondent.**

No. 97–0498.

Supreme Court of Texas.

Argued on March 5, 1998.

Decided April 14, 1998.

Rehearing Overruled June 5, 1998.

Jennifer Bruch Hogan, Roger Townsend, Kevin H. Dubose, Houston, for Petitioners.

Anthony F. Constant, Corpus Christi, Phil Harris, Weslaco, Bob Roberts, Austin, Rose R. Vela, Corpus Christi, Thomas H. Watkins, Austin, Albert Villegas, Brownsville, Frank G. Davila, Corpus Christi, for Respondent.

ENOCH, Justice, delivered the opinion for a unanimous Court.

This case concerns Ronnie Dale Bleeker's claim for damages from Trinity Universal Insurance Company (Trinity) under the *Stowers* doctrine and the Deceptive Trade Practices Act (DTPA). Bleeker alleges that Trinity is liable because it did not settle third-party claims against him, thereby exposing him to a judgment in excess of his policy limits. Because we hold that the third party did not offer to release Bleeker fully, we reverse the court of appeals' judgment on these two issues and render judgment that Bleeker take nothing.

## I. FACTS

Tragically, on July 14, 1990, Bleeker was drunk and chose to drive on Interstate Highway 35 in Williamson County. He veered off the highway and struck a pickup truck that was stopped on the shoulder. Fourteen members of the Villarreal and Ochoa families were in the truck. Filiberto Villarreal was killed, and the others suffered serious or life-threatening injuries.

Bleeker carried Southern County insurance for the minimum legal amount of $40,-000 per accident. Trinity reinsured and handled claims for Southern County. Hospital bills alone exceeded $40,000 by July 18, 1990. It is not disputed that Brackenridge Hospital in Austin filed liens for more than that amount with the Williamson County clerk of court by August 1, 1990. In March 1991, attorney Albert Villegas informed Trinity that he represented five of the Villarreals and extended several oral offers to settle. In April, Villegas wrote to Trinity, demanding that Trinity pay the $40,000 policy limit into the Hidalgo County court registry for distribution to his five clients and the other nine claimants. The letter did not explicitly offer to release any potential claims against Bleeker, but it did threaten a lawsuit if Trinity did not meet the demand and also stated that "[y]ou are aware of the *Stowers* doctrine...." Assuming that an offer to release Bleeker can be inferred from such a letter, the release nevertheless could not have covered the nine claimants whom Villegas did not then represent. Furthermore, none of Villegas' settlement offers included or even mentioned the hospital liens. Trinity refused to pay the policy limits into the court registry without a full release for Bleeker.

Villegas later came to represent all fourteen claimants, never made another settlement offer, and sued Bleeker on behalf of the fourteen claimants. Villegas obtained a trial court judgment of approximately $11.5 million.[1] Bleeker then assigned any claim that he might have against Trinity to the fourteen claimants, and they brought this action in his name. Following a jury trial, the trial court rendered judgment against Trinity under the DTPA and the Insurance Code, for breach of a common-law duty of good faith and fair dealing, and for negligently failing to settle under the *Stowers* doctrine. The trial court awarded actual damages of approximately $13 million, trebled under the DTPA to approximately $38.5 million, plus attorneys' fees of approximately $38.5 million. The court of appeals reversed and rendered judgment for Trinity on all claims except the $13

---

**1.** The court of appeals affirmed this judgment. *Bleeker v. Villarreal,* 941 S.W.2d 163 (Tex.App.— Corpus Christi 1996), *writ dism'd by agreement of parties.*

million *Stowers* award, which it affirmed, and one DTPA claim for unconscionable conduct that the trial court had refused to submit to the jury, which it remanded for a new trial. 944 S.W.2d at 682.

## II.   THE *STOWERS* CLAIM

■ Trinity first argues that the court of appeals erred because it did not render judgment for Trinity on the *Stowers* claim. We agree.

Under the doctrine established in *G.A. Stowers Furniture Co. v. American Indemnity Co.,* an insured can sue his insurer for negligently failing to settle a third party's claim against the insured. *See* 15 S.W.2d 544, 547 (Tex. Comm'n App.1929, holding approved). As a threshold matter, "a settlement demand must propose to release the insured fully in exchange for a stated sum of money." *Texas Farmers Ins. Co. v. Soriano,* 881 S.W.2d 312, 314 (Tex.1994); *accord American Physicians Ins. Exch. v. Garcia,* 876 S.W.2d 842, 848–49 (Tex.1994). Assuming without deciding that Villegas's letter was in fact a settlement offer, and further assuming that a *Stowers* demand may be made on behalf of only some of the total pool of potential plaintiffs, Villegas did not meet the requirement that he offer to release those claims *fully. See Soriano,* 881 S.W.2d at 314–15.

Here, Trinity never had a *Stowers* duty to settle because Villegas never offered a full release even of his five clients' claims. When a hospital lien exists, a release is not valid unless:

(1) the hospital's charges were paid in full before the execution and delivery of the release;

(2) the hospital's charges were paid before the execution and delivery of the release to the extent of any full and true consideration paid to the injured individual by or on behalf of the other parties to the release; or

(3) the hospital is a party to the release.

TEX. PROP.CODE § 55.007(a).

Villegas made one written and several oral offers to settle. None of the offers included the hospital liens. In fact, when Villegas contacted the hospitals, they refused to release their liens. Any implied release that Villegas offered to Trinity was not a full one under section 55.007(a). Consequently, he could not have fully settled the case, even for his initial five clients. Accordingly, Bleeker cannot prove his *Stowers* case.

## III.   THE DTPA

■ Trinity also argues that the court of appeals erred in remanding for a trial on whether Trinity violated the DTPA's prohibition of unconscionable conduct. *See* TEX. BUS. & COM.CODE § 17.50(a)(3). Again, we agree.

■ Bleeker claims that Trinity's failure to inform either Bleeker or his attorney of Villegas's letter and oral settlement offers was unconscionable conduct under the DTPA. *See id.* Bleeker cannot recover on such a claim unless he proves that Trinity's actions were a "producing cause" of Bleeker's damages. *Id.* § 17.50(a); *Doe v. Boys Clubs of Greater Dallas, Inc.,* 907 S.W.2d 472, 481 (Tex.1995). A "producing cause" is an act that is a substantial factor that brings about injury and without which the injury would not have occurred. *See, e.g., Boys Clubs,* 907 S.W.2d at 481.

Trinity claims that its failure to inform Bleeker and Bleeker's attorney of Villegas's letter and oral offers was not a producing cause of damage to Bleeker because Bleeker produced no evidence that either he or his attorney would have been inclined to meet Villegas's demand. We agree with the court of appeals' conclusion:

> There is no evidence that Bleeker would have wanted to accept the settlement offer if he had been informed of it, and therefore no causal connection between appellants' failure to inform him of the settlement offer and the excess judgment entered against Bleeker. We sustain appellants' point of error pertaining to the legal insufficiency of the evidence to support appellee's claim under the DTPA for failure to inform the insured of settlement offers.

944 S.W.2d at 680.

In the foregoing quotation, the court of appeals was analyzing Bleeker's "failure to

**492**

inform" claim under the DTPA, not his unconscionability claim. Yet both claims depend on only one allegation: that Trinity failed to inform Bleeker and his attorney of Villegas's letter. Consequently, both claims fail due to lack of evidence. Because there is no evidence of producing cause, we need not consider Trinity's assertion that Bleeker cannot state a DTPA claim based on Trinity's handling of a third-party settlement demand.

### IV. CONCLUSION

We reverse those parts of the court of appeals' judgment affirming the *Stowers* judgment and remanding for trial on the DTPA unconscionability claim. We affirm the court of appeals' judgment in all other respects and render judgment that Bleeker take nothing.