NO.
12-06-00144-CV

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

 

§          

IN RE: HOME STATE
COUNTY

MUTUAL INSURANCE
COMPANY,        §          ORIGINAL PROCEEDING

RELATOR

§          

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM OPINION








            Home State
County Mutual Insurance Company filed a petition for writ of mandamus
challenging the trial court’s refusal to grant its motion to compel the real
party in interest, George Horn, Jr., to sign an authorization form for the
release of his Medicare/Medicaid[1] records in the underlying Stowers[2]
action.  We deny the petition.

Background

            Horn
was severely injured in a single vehicle automobile accident.  Horn was the passenger.  The driver was killed.  Prior to filing suit with regard to the
automobile accident, Horn’s attorney sent a letter dated June 10, 1999 to Home
State, the driver’s insurance provider, in which he offered to settle Horn’s
claim for policy limits and promised to fully release the insured from all
liability and satisfy the hospital lien(s), provided the settlement check was
received in his office on or before 5:00 p.m., June 25, 1999.  The letter further stated that Horn’s
hospital bills as of the date of the letter totaled $213,971.55.








            Home
State sent a settlement check to Horn’s attorney, which he refused to accept
claiming that it was not received by the deadline set forth in the June 10
letter.  Horn subsequently caused an
administrator to be appointed for the driver’s estate, sued the administrator,
and ultimately recovered a judgment for $10,231,844.06.

            Two
years later, Horn, as assignee of the administrator of the driver’s estate,
sued Home State for negligent failure to settle a Stowers
claim.  The administrator later joined in
the suit.  In the course of litigation,
Home State sought to conduct discovery concerning, among other things, whether
any medical services covered by Medicare were provided to Horn on or before the
June 25, 1999 payment deadline specified in the June 10 letter.[3]  

            On
February 8, 2006, Home State’s attorney sent a letter to Horn’s attorney
containing, in pertinent part, the following request:

 

Attached are two
original HIPAA Complaint authorizations for the signature of Mr. Horn.  If you will please have Mr. Horn sign these
two originals and return them to me or notify me when you have them in your
office and I will come pick them up.

 

By Mr. Horn
completing these HIPAA complaint authorizations we can obtain billing records
from Memorial Health System of East Texas concerning the amounts charged to Mr.
Horn immediately after his accident and we can also obtain the Medicare and
Medicaid records which will show payment of many of these bills prior to June
25, 1999.

 

Would you also fill
in the date of birth of Mr. Horn as well as his Social Security number on the
HIPAA complaint authorization.

 

Your prompt
completion of this authorization will greatly speed up being able to obtain
appropriate summary judgment evidence and get the summary judgment heard as
soon as possible.

 

                ....

 

If you will not
agree to have the enclosed HIPAA complaint authorizations completed by your
client[,] please advise me immediately in order that we can move forward with
obtaining those records in another appropriate manner.

 

            On
March, 10, 2006, Horn filed objections to Home State’s letter request that he
sign Medicare payments authorizations, arguing that (1) a letter from a party
requesting the other party to sign an authorization is not a proper discovery
request under the discovery rules, (2) construing Home State’s letter as a
production request, as requested, would avail Home State nothing in that the
production request rule, Rule 196, does not authorize a party to request
another party to sign an authorization, (3) the only type of authorization
prescribed by the discovery rules is provided in the request for disclosure
rule, which is not applicable to the facts of the instant case and which does
not authorize discovery of Medicare payments of medical records and bills, and
(4) signing authorizations for Home State to unilaterally obtain Medicare
payment records would deprive Horn and the administrator of their right to
cross examine the custodian of the records.

            On
April 5, 2006, Home State filed a motion to compel release of Medicare lien
information.  In its motion, Home State
outlined its theory of relevance with regard to the medical records it sought
and chronicled various methods by which it had attempted to discover such
information prior to filing its motion to compel.  The trial court denied Home State’s motion on
April 19, 2006.  Thereafter, Home State
filed this petition for writ of mandamus.

 

Availability
of Mandamus

            Mandamus
will issue to correct a clear abuse of discretion where there is no adequate
remedy by appeal.  In re Cerberus
Capital Mgmt., L.P., 164 S.W.3d 379, 382 (Tex. 2005); Walker v.
Packer, 827 S.W.2d 833, 839–40 (Tex. 1992).  The trial court abuses its discretion if it
reaches a decision so arbitrary and unreasonable as to amount to a clear and
prejudicial error of law or if it clearly fails to correctly analyze or apply
the law.  Id.  Moreover, an appellate remedy may be adequate
even though it involves more delay or cost than mandamus.  See Walker, 827 S.W.2d at
842.  An appeal from a trial court’s
discovery order is not adequate if (1) the appellate court would not be able to
cure the trial court’s error on appeal; (2) the party’s ability to present a viable
claim or defense is vitiated or severely compromised; or (3) missing discovery
cannot be made a part of the appellate record. 
Id. at 843.

Abuse of
Discretion

            We
first consider whether the trial court abused its discretion in declining to
compel Horn to execute the release. 
Discovery is permitted of any unprivileged information relevant to the
subject of the lawsuit, including inadmissible evidence, as long as the request
is reasonably calculated to lead to the discovery of admissible evidence.  Tex.
R. Civ. P. 192.3(a); In re CSX Corp., 124 S.W.3d 149, 152
(Tex. 2003).  While the scope of
discovery is quite broad, it is confined by the subject matter of the case and
the reasonable expectation of obtaining information that will aid resolution of
the dispute.  Tex. R. Civ. P. 192.7 cmt. 1; In re CSX Corp.,
124 S.W.3d at 152.

            The
discovery rules provide the only permissible forms of discovery.  See Tex.
R. Civ. P. 192.1.  However, a
court may order, or the parties may agree to, discovery methods other than
those provided in the discovery rules.  See
Tex. R. Civ. P. 191.1 &
cmt. 1.  Here, the record reflects no
agreement between the parties nor a court order that enlarges the discovery
methods available.  Thus, we must
determine whether the rules entitle Home State to an executed release from
Horn.

            Texas
Rule of Civil Procedure 194.2 provides that, in a suit alleging physical or
mental injury and damages from the occurrence that is the subject of the case,
a party may request an authorization permitting the disclosure of medical
records and bills reasonably related to the injuries or damages asserted.  See Tex.
R. Civ. P. 194.2(j).  In the case
at hand, while Horn has sustained injuries that were the subject of a previous
lawsuit, the injuries and damages he alleges in the instant suit relate to Home
State’s negligent failure to settle a Stowers claim on behalf of
its insured.[4]  As such, we
conclude that Home State is not entitled to seek a release pursuant to Rule
194.2(j).

            Texas
Rule of Civil Procedure 196.1(c) also makes reference to obtaining a release of
medical records.  See Tex. R. Civ. P. 196.1(c)(2)(A).  However, this rule is an exception to a
request  to a party to produce medical
records regarding a nonparty and, therefore, is inapplicable to the instant
request inasmuch as Home State seeks a release of a party’s medical
records.  

            While
Home State cites no particular rule of procedure supporting the method by which
it sought to have Horn sign an authorization for medical records, the record
reflects that Home State’s attorney argued to the trial court that the letter
amounted to a request for production. 
Yet, even if we assume that the letter was substantively a request for
production or other form of discovery prescribed by the rules of civil
procedure, such a request is nonetheless limited to items within the scope of
discovery.  See Tex. R. Civ. P.
196.1(a).  The rules outline the scope of
discovery with regard to documents and tangible things as follows:

 

A party may obtain
discovery of the existence, description, nature, custody, condition, location,
and contents of documents and tangible things (including papers, books,
accounts, drawings, graphs, charts, photographs, electronic or videotape
recordings, data, and data compilations) that constitute or contain matters
relevant to the subject matter of the action. 
A person is required to produce a document or tangible thing that is
within the person’s possession, custody, or control.

 

Tex. R. Civ.
P. 192.3(b).  Furthermore, to be subject to discovery, the
thing or document must be in the custody, control, or possession of a party on
whom the request is served.  See In
re Colonial Pipeline Co., 968 S.W.2d 938, 942 (Tex. 1998).  The rules also set forth that “possession,
custody, or control” of an item means that the person either has physical
possession of the item or has a right to possession of the item that is equal
or superior to the person who has physical possession of the item.  Tex.
R. Civ. P. 192.7.  Rule 196 cannot
be used to compel a party to create a document that does not exist.  See In re Colonial Pipeline Co.,
968 S.W.2d at 942.  A document that does
not exist is not within a party's “possession, custody or control.”  Id.  Since the letter sent by Home State’s
attorney to Horn’s attorney sought the creation of a release of records rather
than the discovery records themselves,[5] it was outside the
scope of discovery.  Therefore, we hold
that the trial court did not abuse its discretion in denying Home State’s
motion to compel.  

 

Disposition

            Having
held that the trial court did not abuse its discretion in denying Home State’s
motion to compel, we need not address whether Home State has an adequate remedy
by appeal.  Home State’s petition for
writ of mandamus is denied.

                                                                                                     SAM GRIFFITH    

                                                                                                              Justice

Opinion
delivered September 29, 2006.

Panel consisted of Worthen,
C.J., Griffith, J., and Hoyle, J.

 

(PUBLISH)











[1] Medicare/Medicaid is referred to collectively
as “Medicare.”





[2]
See G.A. Stowers Furniture Co. v. American Indem. Co., 15 S.W.2d
544, 547 (Tex. Comm’n App. 1929, holding approved).





[3] The theory of relevance proposed by Home State
for discovering such information is that if Medicare covered any medical
services provided to Horn, it would have a claim that amounted to a lien
against the settlement proceeds.  Ergo,
Home State contends, since Horn’s offer to settle did not offer to satisfy
Medicare’s claim, then it failed to offer a full release from all potential
claims and does not impose a Stowers duty on Home State.  See, e.g., Trinity Universal Ins. Co.
v. Bleeker, 966 S.W.2d 489, 491 (Tex. 1998).





[4]
As set forth previously, Horn claims to be an assignee of the administrator of
the insured driver’s estate.  However,
the administrator of the insured driver’s estate is presently a plaintiff.





[5] Presumably, the rationale behind limiting
discovery pursuant to Texas Rule of Civil Procedure 196.1(c) to records
regarding nonparties is that records for which a party would be authorized to
execute a release would be within his possession, custody, or control.  See Tex.
R. Civ. P. 192.7(b).  However, in
the instant case, we need not resolve such a question.  Furthermore, we do not reach the question of
whether the information sought by Home State is reasonably calculated to lead
to the discovery of admissible evidence.