NO.
12-07-00033-CV

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

 

§          

IN RE: HOME STATE COUNTY

MUTUAL
INSURANCE COMPANY,        §                      ORIGINAL PROCEEDING

RELATOR

§          

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM OPINION








            Home State
County Mutual Insurance Company (“Home State”) filed a petition for writ of
mandamus challenging the trial court’s denial of its motion to compel real
party in interest, George Horn, Jr., to produce medical records related to
Medicare/Medicaid[1] payments, if any, he
received.  We conditionally grant the
petition.[2]

 

Background

            Horn
was severely injured in a single vehicle automobile accident.  Horn was the passenger.  The driver was killed.  Prior to filing suit with regard to the
automobile accident, Horn’s attorney sent a letter dated June 10, 1999 to Home
State, the driver’s insurance provider, in which he offered to settle Horn’s
claim for policy limits.  He also
promised to fully release the insured from all liability and satisfy the
hospital lien(s), provided the settlement check was received in his office on
or before 5:00 p.m. on June 25, 1999. 
The letter further stated that Horn’s hospital bills as of the date of
the letter totaled $213,971.55.








            Home
State sent a settlement check to Horn’s attorney, which he refused to accept
claiming that it was not received by the deadline set forth in the June 10
letter.  Horn subsequently caused an
administrator to be appointed for the driver’s estate, sued the administrator,
and ultimately recovered a judgment for $10,231,844.06.

            Two
years later, Horn, as assignee of the administrator of the driver’s estate,
sued Home State for unfair settlement practices alleging that it negligently
failed to settle a Stowers[3] claim.  The
administrator later joined in the suit. 
In the course of litigation, Home State sought to conduct discovery
concerning, among other things, whether any medical services provided to Horn
on or before the June 25, 1999 payment deadline were covered by Medicare.

            On
February 8, 2006, Home State’s attorney sent a letter to Horn’s attorney
requesting that Horn execute a medical records authorization form so that it
could determine whether Medicare had paid any of Horn’s medical bills prior to
June 25, 1999.  On March 10, 2006, Horn
filed the following objections to Home State’s letter request: (1) a letter
from a party requesting the other party to sign an authorization is not a
proper discovery request under the discovery rules; (2) even if Home State’s
letter were construed as a production request, Texas Rule of Civil Procedure
196 does not authorize a party to request that another party sign such a
medical records authorization form; (3) Texas Rule of Civil Procedure 194,
which  provides that a party may sign a
medical records authorization, is inapplicable to the instant case and does not
authorize discovery of Medicare payments of medical records and bills; and (4)
the request that Horn sign authorizations for Home State to unilaterally obtain
Medicare payment records deprived Horn and the administrator of their right to
cross examine the custodian of the records.  

            On
April 5, 2006, Home State filed a motion to compel, in which it outlined its
theory of relevance with regard to the medical records it sought.  The trial court denied Home State’s motion on
April 19, 2006.  Thereafter, Home State
filed its first petition for writ of mandamus, which this court denied.

            While
the first petition for writ of mandamus was pending, Home State sent a request
for production of documents to Horn.  By
its request, Home State sought production of, among other things, Horn’s medical
records to determine if Medicare had made any payments on his behalf before the
June 25 deadline Horn imposed in his settlement offer.  In July 2006, Horn initially responded to the
requests by stating, “See response to Defendant’s Deposition on Written
Questions to the Custodian of Records of Memorial Medical Center of East Texas.”  

            Apparently
dissatisfied with Horn’s response to its request, Home State filed a motion to
compel arguing that the information sought was relevant because if Medicare
covered any medical services provided to Horn, it would have a claim that
amounted to a lien against Horn’s settlement proceeds.  Therefore, Home State contended, since Horn’s
offer to settle did not offer to satisfy Medicare’s claim, it failed to offer a
full release from all potential claims and, thus, did not impose a Stowers duty on Home State.[4] 

            In
December 2006, Horn amended his responses to include several objections.  Specifically, Horn objected that the requests
were not timely and constituted a fishing expedition.  The trial court conducted a hearing on Home
State’s motion to compel on December 8, 2006 and denied the motion on that same
day.  Home State then filed the instant
petition for writ of mandamus.[5]

 

Availability of Mandamus

            Mandamus
will issue to correct a clear abuse of discretion where there is no adequate
remedy by appeal.  In re Cerberus Capital Mgmt., L.P., 164 S.W.3d 379, 382 (Tex. 2005);
Walker v. Packer, 827 S.W.2d 833, 839–40 (Tex.
1992).  The trial court abuses its
discretion if it reaches a decision so arbitrary and unreasonable as to amount
to a clear and prejudicial error of law or if it clearly fails to correctly
analyze or apply the law.  Id.  Moreover, an
appellate remedy may be adequate even though it involves more delay or cost
than mandamus.  See Walker, 827 S.W.2d at 842. 
An appeal from a trial court’s discovery order is not adequate if (1)
the appellate court would not be able to cure the trial court’s error on
appeal; (2) the party’s ability to present a viable claim or defense is vitiated
or severely compromised; or (3) missing discovery cannot be made a part of the
appellate record.  Id. at 843.

 

Abuse of Discretion

            We
first consider whether the trial court abused its discretion in denying Home
State’s motion to compel production of the requested documents.  The purpose of discovery is the
administration of justice by allowing the parties to obtain the fullest
knowledge of facts prior to trial.  West v. Solito, 563 S.W.2d 240, 243 (Tex. 1978); Hill and Griffith Co. v. Bryant, 139 S.W.3d 688, 695 (Tex. App.–Tyler
2004, pet. denied).  Discovery rules must
be given a broad and liberal treatment.  Bryant, 139 S.W.3d at 695. 
A party must be allowed to inquire into the facts underlying his
opponent’s case.  Id.  Discovery is
permitted of any unprivileged information relevant to the subject of the
lawsuit, including inadmissible evidence, as long as the request is reasonably
calculated to lead to the discovery of admissible evidence.  See
Tex. R. Civ. P. 192.3(a); In
re CSX Corp., 124
S.W.3d 149, 152 (Tex. 2003).  While the
scope of discovery is quite broad, it is nevertheless confined by the subject
matter of the case and the reasonable expectations of obtaining information
that will aid resolution of the dispute. 
Tex. R. Civ. P. 192.7 cmt.
1; see In re CSX Corp., 124 S.W.3d at 152. 
Thus, discovery requests must be “reasonably tailored” to include only
relevant matters.  In re CSX Corp., 124 S.W.3d at 152.
            A request for production is
limited to items within the scope of discovery. 
See Tex. R. Civ. P. 196.1(a).  The rules outline the scope of discovery with
regard to documents and tangible things as follows:

 

A party may
obtain discovery of the existence, description, nature, custody, condition,
location, and contents of documents and tangible things (including papers,
books, accounts, drawings, graphs, charts, photographs, electronic or videotape
recordings, data, and data compilations) that constitute or contain matters
relevant to the subject matter of the action. 
A person is required to produce a document or tangible thing that is
within the person’s possession, custody, or control.

 

 

Tex. R.
Civ. P.
192.3(b).  

            Horn’s
medical records that were previously produced show that Medicare paid portions
of Horn’s medical expenses.  Horn has not
produced all of his medical records, however, and those medical records that
have been produced are unclear as to the timing of the Medicare payments.  As discussed above, the timing is important
because, as Home State contends, if Medicare covered any medical services
provided to Horn, Medicare would have a claim that amounts to a lien against
the settlement proceeds.  It reasonably
follows that Horn’s settlement letter would not have provided Home State a full
release as required for a Stowers action.  Therefore, Horn’s medical records pertaining
to payments made by Medicare on or before June 25, 1999 for the injuries caused
by the automobile accident that is the subject of the underlying lawsuit are
relevant to the subject matter of Horn’s Stowers
action.  Additionally, all of those
medical records are within his possession, custody, or control, as he either
has actual possession of them or the records can be obtained after he provides
a medical authorization.  Therefore, we
hold that such records are discoverable.

            Furthermore,
Horn’s objections to the production of the records were untimely.  See Tex.
R. Civ. P. 193.2(e).  Nothing in
the record indicates that the trial court by any means excused such late filed
objections for good cause.  See id.  Moreover, Horn’s
objections were unfounded.  Home State’s
request for the medical records was made sufficiently far in advance of the
discovery deadline.  See Tex. R. Civ. P. 190, cmt. 4; Pape v. Guadalupe-Blanco River Auth., 48 S.W.3d 908, 913 (Tex. App.–Austin
2001, pet. denied).  Further still, the
requested information does not constitute a fishing expedition.  See, e.g., Bryant, 139 S.W.3d at 695 (“No longer can the time-honored cry of
‘fishing expedition’ serve to preclude a party from inquiring into the facts
underlying his opponent’s case.”).  Home
State sought relevant, nonprivileged information pursuant to Rule 196.  Horn should have responded fully.  We hold that the trial court abused its
discretion in denying Home State’s motion to compel.

 

Adequacy of Remedy by Appeal

            We
next consider whether Home State has an adequate remedy by appeal.  See Walker,
827 S.W.2d at 843.  If Home State is
denied access to the medical records in question, it cannot pursue its defense
that Horn’s settlement letter failed to provide a full release as required by Stowers.  See, e.g., Trinity Universal Ins. Co., 966 S.W.2d at 491.  As such, the trial court’s failure to compel
the production of such records vitiates a viable defense available to Home
State.  Moreover, such missing discovery
cannot be made a part of the appellate record. 
See Walker, 827 S.W.2d at 843.  Therefore, we hold that mandamus relief is
appropriate because Home State has no adequate remedy by appeal.  Id.

Conclusion

            Having held that the trial court
abused its discretion in denying Home State’s motion to compel and that Home
State has no adequate remedy by appeal, we conditionally grant Home State’s petition for writ of mandamus.  We trust that the trial court will promptly vacate
its order of December 8, 2006 denying Home
State’s motion to compel and issue an order compelling Horn to provide the requested medical
records to Home State.  The writ will
issue only if the trial court fails to comply with this court’s opinion and
order within ten days.  The trial court shall furnish this court,
within the time for compliance with this court’s opinion and order, a certified
copy of its order evidencing such compliance. 
The stay imposed by order
dated April 5, 2007, is
lifted to the extent necessary to allow
the trial court to compel the production of documents as set forth herein.  The stay shall remain in effect for all other
purposes.  We overrule Horn’s motion to dismiss.

 

 

                                                                                       

                                                                                  BRIAN
HOYLE    

                                                                                        Justice

 

 

 

Opinion
delivered June 6, 2007.

Panel consisted of Worthen, C.J., Griffith, J., and Hoyle,
J.

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)











[1] Medicare/Medicaid is referred to collectively as “Medicare.”





[2] The respondent is the Honorable
Charles R. Mitchell, Judge of the 273rd Judicial District Court of Sabine
County, Texas.





[3] See G.A. Stowers Furniture
Co. v. American Indem. Co., 15 S.W.2d 544, 547 (Tex. Comm’n App. 1929, holding approved).





[4] See, e.g., Trinity Universal Ins. Co. v. Bleeker, 966 S.W.2d 489, 491 (Tex. 1998).





[5] Horn filed a motion to dismiss Home State’s petition for writ of
mandamus.