Opinion issued March 24, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00838-CV

———————————

Edward McDonald, Appellant

V.

Home State
County Mutual Insurance Company,
Paragon Insurance Company, and
Paragon Insurance Group, Appellees



 



 

On Appeal from the 270th District Court

Harris County, Texas



Trial Court Case No. 2008-61807

 



MEMORANDUM OPINION

          This
is an appeal from a summary judgment in favor of Home State Mutual Insurance
Company, Paragon Insurance Company, and Paragon Insurance Group.  A trial court awarded Edward McDonald damages
on his claim against Francisco Rangel for injuries McDonald sustained when
Rangel struck him with a car.  In the
case underlying this appeal, McDonald, as Rangel’s assignee, sued Rangel’s
insurers alleging that they had violated their common-law Stowers duty and their statutory duty to attempt to settle his
claim in good faith.  The insurers argued
that McDonald’s settlement demand did not impose a duty under Stowers because it did not address an
existing hospital lien nor was it sufficient to trigger their statutory duty to
attempt settlement in good faith.  The
trial court resolved the parties’ competing motions for summary judgment in
favor of the insurers, and McDonald appealed.

In three issues, McDonald argues
that an offer to release the hospital lien was implied in the settlement demand
letter and that the summary-judgment evidence conclusively established his
right to recover on both his common-law and statutory causes of action.  We conclude that there was no implied offer
to release the hospital lien and the summary-judgment evidence conclusively
negated at least one element of each of McDonald’s causes of action.  Therefore, we affirm.

I.                 
Background

On August 4, 2001, McDonald was
struck by Rangel’s vehicle while he was walking in the grass along a service
road.  Rangel v. Robinson, No. 01-05-00318-CV, 2007 WL 625042, at *1 (Tex.
App.—Houston [1st Dist.] March 1, 2007, pet. denied) (mem. op.).  As a result, McDonald suffered serious
injuries.  Id.  McDonald was taken directly
to Memorial Hermann Hospital for treatment.

Memorial Hermann filed a “Notice of
Hospital Lien” stating that the accident occurred on August 5, 2001, and
McDonald was admitted to the hospital not later than 72 hours after the
accident.  It further recited, “The name
of the person alleged to be liable for damages arising from the injury is any
and all responsible parties.  The lien is
for the amount of the hospital charges for services provided to the injured
individual during the first 100 days of the injured individual’s
hospitalization.”

          Rangel
was insured by Home
State, and the Paragon entities managed the adjustment of the claim.  At oral argument, all parties agreed that the
three appellants were similarly situated for the purposes of this appeal.  After
the hospital filed the lien, McDonald’s attorney wrote to Paragon’s adjuster,
informing him that McDonald was represented by counsel.  The attorney sent Paragon a settlement demand
letter dated June 5, 2002.  The letter
stated a deadline for accepting the demand of June 14, 2002.  The front page included the following notice:

NOTICE

THIS CORRESPONDENCE CONTAINS
A SETTLEMENT OFFER WITH RESPECT TO THE ABOVE-REFERENCED CLAIM.  PLEASE BE ADVISED, PURSUANT TO THE TERMS
HEREIN, THERE IS A TIME LIMIT WITHIN WHICH PARAGON INSURANCE GROUP MAY ACCEPT
THIS SETTLEMENT OFFER.  THE SETTLEMENT
OFFER EXTENDED HEREIN IS THE TYPE WHICH IS COMMONLY KNOWN AS A “STOWERS”
OFFER.  See, G.A. Stowers Furniture Co. v. American Indemnity Co., 15
S.W.2d 544 (Tex. Comm. App. 1929, holding approved); American Physicians Ins. Exch. v. Garcia, 876 S.W.2d 842 (Tex. 1994).  PLEASE TAKE NOTICE, IN THE EVENT THAT PARAGON
INSURANCE GROUP FAILS TO ACCEPT THIS SETTLEMENT OFFER BY 5:00 P.M. ON FRIDAY
JUNE 14, 2002, THIS SETTLEMENT OFFER WILL BE DEEMED TO HAVE BEEN REJECTED BY
PARAGON INSURANCE GROUP. FURTHERMORE, ANY COUNTER-OFFER SUBMITTED ON BEHALF OF
PARAGON INSURANCE GROUP’S INSURED WILL BE DEEMED AS A REJECTION OF THIS
SETTLEMENT OFFER.

 

After explaining the basis for the demand, the
letter stated that full and final settlement of McDonald’s claims could be made
“in exchange for payment to Edward McDonald” of the “total amount of liability
insurance available to cover your insured in this matter.”  The demand specified that the payment to
McDonald was to be made “care of the undersigned attorney.”

While investigating McDonald’s
claim, the adjuster called the known health-care providers and learned of the
existence of at least one purported hospital lien.  The day before the settlement demand expired,
the adjuster received a letter from counsel for Memorial Hermann Hospital
advising him that the hospital had filed a notice of hospital lien and that
McDonald’s current incurred expenses were $26,150.25.  However, the adjuster testified by deposition
that, based on his review of the medical records and billing statements, he
understood that McDonald’s medical expenses exceeded $54,000 at that time.  Nothing in the record demonstrates that the
adjuster or his supervisor saw the actual notice of lien at that time.  On Friday, June 14, 2002, the adjuster called
the office of McDonald’s attorney and left a message with the receptionist
offering to settle the claim for the full amount of Rangel’s insurance policy
limits and asking to speak to the attorney handling the case.  Nobody returned his phone call.

          Three
days later, McDonald’s attorney wrote to Paragon, asserting that Paragon had
breached its Stowers duty and stating
that there would be no further settlement negotiations.  Nevertheless, in late June and early July,
Paragon offered to settle McDonald’s claim for the full policy limits.  The July settlement offer required McDonald
to sign a document expressly releasing the hospital lien.  McDonald did not accept these settlement
offers.

In 2004, the case was tried to the
court, and the trial court awarded McDonald $828,453.71 in actual damages and
$500,000 in exemplary damages.  In 2008,
McDonald obtained an order turning over Rangel’s right to sue his insurers for
failure to settle with McDonald, including any Stowers claim.  Less than a
month later, McDonald filed the suit that is the basis of this appeal.

The insurers and McDonald filed
competing motions for summary judgment. 
McDonald argued that the insurers breached their statutory and
common-law duties to Rangel regarding settlement because the settlement demand
implied a release of the hospital lien and, in any event, the lien was facially
invalid.  Thus, McDonald reasoned, the
insurers had been presented with a settlement demand, within policy limits,
that a reasonably prudent insurer would have accepted under the
circumstances.  The insurers argued that
they had no duty to determine the validity of the hospital lien and that the
settlement demand was not such as a reasonably prudent insurer would have
accepted because it did not address resolution of the hospital lien.  The trial court resolved the competing
motions in favor of the insurers, and McDonald appealed.  On appeal, the parties reurge the arguments
made in the trial court.

II.              
Standard of review 

We review de novo the trial court’s
ruling on a motion for summary judgment.  Mann Frankfort Stein & Lipp Advisors,
Inc. v. Fielding, 289 S.W.3d 844, 848 (Tex. 2009).  When both sides move for summary judgment and
the trial court grants one motion and denies the other, we review the summary-judgment
evidence presented by both sides and determine all questions presented.  Mann
Frankfort Stein & Lipp Advisors, 289 S.W.3d at 848; Comm’rs Court of Titus County v. Agan,
940 S.W.2d 77, 81 (Tex. 1997).  In such a
situation, we render the judgment as the trial court should have rendered.  Mann
Frankfort Stein & Lipp Advisors, 289 S.W.3d at 848; Agan, 940 S.W.2d at 81.  

The party moving for traditional
summary judgment bears the burden of showing that no genuine issue of material
fact exists and that it is entitled to judgment as a matter of law.  Tex. R.
Civ. P. 166a(c); see also
Provident Life & Accident Ins. Co. v. Knott, 128 S.W.3d 211, 215–16
(Tex. 2003).  A plaintiff moving for
summary judgment must conclusively prove all essential elements of its claim.  See
Rhone-Poulenc, Inc. v. Steel, 997 S.W.2d 217, 223 (Tex. 1999).  A matter is conclusively established if
reasonable people could not differ as to the conclusion to be drawn from the
evidence.  See City of Keller v. Wilson, 168 S.W.3d 802, 816 (Tex. 2005).  If the movant meets its burden, the burden
then shifts to the nonmovant to raise a genuine issue of material fact
precluding summary judgment.  See Centeq Realty, Inc. v. Siegler, 899
S.W.2d 195, 197 (Tex. 1995).  The
evidence raises a genuine issue of fact if reasonable and fair-minded jurors
could differ in their conclusions in light of all of the summary-judgment
evidence.  Goodyear Tire & Rubber Co. v. Mayes, 236 S.W.3d 754, 755 (Tex. 2007).  A defendant moving for summary judgment must
conclusively negate at least one essential element of each of the plaintiff’s
causes of action or conclusively establish each element of an affirmative
defense.  Sci. Spectrum, Inc. v. Martinez, 941 S.W.2d 910, 911 (Tex. 1997).

III.    Insurer’s
obligations regarding settlement of claims

A.              
The Stowers doctrine

In Texas, insurers have a
common-law duty to exercise ordinary care in the settlement of claims to
protect their insureds against judgments in excess of policy limits.  See
Phillips v. Bramlett, 288 S.W.3d 876, 879 (Tex. 2009); Stowers Furniture Co. v. Am. Indem. Co., 15 S.W.2d 544 (Tex. Comm’n
App. 1929, holding approved).  “The Stowers doctrine shifts the risk of an
excess judgment from the insured to the insurer by subjecting an insurer to
liability for the wrongful refusal to settle a claim against the insured within
policy limits.”  Aftco Enters., Inc. v.
Acceptance Indem. Ins. Co., 321 S.W.3d 65, 69 (Tex. App.—Houston [1st
Dist.] 2010, pet. denied).  “[S]hifting
the risk of an excess judgment onto the insurer is not appropriate unless there
is proof that the insurer was presented with a reasonable opportunity to settle
within policy limits.”  Rocor Int’l, Inc. v. Nat’l Union Fire Ins.
Co., 77 S.W.3d 253, 263 (Tex. 2002) (citing Am. Physicians Ins. Exch. v. Garcia, 876 S.W.2d 842, 849 (Tex.
1994)).  Thus a settlement demand
triggers an insurer’s Stowers duty to
respond if: (1) the claim against the insured is within the scope of coverage;
(2) the demand is within policy limits; and (3) the terms of the demand are
such that an ordinarily prudent insurer would accept it, considering the
likelihood and degree of the insured’s potential exposure to an excess judgment.  Phillips,
288 S.W.3d at 879, AFTCO Enters., 321
S.W.3d at 69.  “As a threshold matter, ‘a
settlement demand must propose to release the insured fully in exchange for a
stated sum of money.’”  Trinity Universal Ins. Co. v. Bleeker,
966 S.W.2d 489, 491 (Tex. 1998) (quoting Texas
Farmers Ins. Co. v. Soriano, 881 S.W.2d 312, 314 (Tex. 1994)).

“In the context of a Stowers lawsuit, evidence concerning
claims investigation, trial defense, and conduct during settlement negotiations
is necessarily subsidiary to the ultimate issue of whether the claimant’s
demand was reasonable under the circumstances, such that an ordinarily prudent
insurer would accept it.”  Garcia, 876 S.W.2d at 849.  “Given the tactical considerations inherent
in settlement negotiations, an insurer should not be held liable for failing to
accept an offer when the offer’s terms and scope are unclear or are the subject
of dispute.”  Rocor Int’l, 77 S.W.3d at 263.

B.              
Statutory duty to attempt settlement

Insurers in Texas also have a
statutory duty “to attempt in good faith” to effectuate “prompt, fair, and
equitable settlement” of claims for which the insurer’s liability has become
reasonably clear.  Tex. Ins. Code Ann. § 541.060(a)(2)(A)
(West 2009).  An insurer’s statutory duty
to attempt settlement is not triggered until the claimant presents the insurer
with a settlement demand that is within policy limits and that an ordinarily
prudent insurer would accept.  Rocor Int’l, 77 S.W.3d at 262.  “A proper settlement demand generally must
propose to release the insured fully in exchange for a stated sum, although it
may substitute the ‘policy limits’ for that amount.”  Id.  Thus an insurer’s liability becomes
reasonably clear and triggers a statutory duty to attempt settlement when (1) the
policy covers the claim, (2) the insured’s liability is reasonably clear,
(3) the claimant has made a proper settlement demand within policy limits,
and (4) the demand’s terms are such that an ordinarily prudent insurer
would accept it.  Id.

IV.          
Hospital liens

Since 1933, the Texas Hospital Lien
Law has provided a mechanism for hospitals to recover costs incurred in
treating people injured in accidents.  See Members Mut. Ins. Co. v. Hermann Hosp.,
664 S.W.2d 325, 326 (Tex. 1984); Tex.
Prop. Code Ann. §§ 55.001–.008 (West 2007).  “The purpose of the act was to encourage
hospitals to provide immediate care and treatment to persons injured in
accidents, and to compensate hospitals for the vast sums of money being lost
when treating patients who were unable to pay.”  Members
Mut. Ins. Co., 664 S.W.2d at 326.  “A
hospital has a lien on a cause of action or claim of an individual who receives
hospital services for injuries caused by an accident that is attributed to the
negligence of another person.”  Tex. Prop. Code Ann. § 55.002(a).

A hospital lien attaches to (1) a
cause of action for damages arising from the injury for which the person
received treatment, (2) a judgment of a court or a decision of a public agency
in a proceeding to recover damages arising from the injury, and (3) the proceeds
of a settlement of a cause of action or claim arising from the injury.  Id. § 55.003.  A hospital may secure a lien by filing a
notice with the county clerk in the county where the medical services were
provided.  Id. § 55.005.  The
notice must state (1) the injured person’s name and address, (2) the date
of the accident, (3) the name and location of the hospital claiming the lien,
and (4) the name of the person alleged to be liable for damages arising from
the injury, if known.  Id.  A lien is discharged by the
filing of a certificate stating that the debt covered by the lien has been paid
or released.  Id. § 55.006.  A
release of a cause of action to which a hospital lien has attached is not valid
unless:

(1) the charges of the hospital
. . . claiming the lien were paid in full before the execution and delivery of
the release;

(2) the charges of the hospital
. . . were paid before the execution and delivery of the release to the extent
of any full and true consideration paid to the injured individual by or on behalf
of the other parties to the release; or

(3) the hospital . . . is a
party to the release.

 

Id. § 55.007.  A hospital has a cause of action against
those who pay or receive money in derogation of the hospital’s rights under the
Texas Hospital Lien Law.  See Bashara v. Baptist Mem’l Hosp. Sys.,
685 S.W.2d 307, 309 (Tex. 1985).  

V.              
Analysis 

A.              
Common-law
duty to settle

McDonald contends that the demand letter
proposed a full and final settlement adequate to trigger the insurer’s Stowers duty to settle because a release
of the hospital lien was implicit in the demand letter.  He argues that the insurer’s representatives did
not speak with anyone about obtaining a release before the demand expired on June 14,
2002, and they did not mention a release when settlement was attempted after the
deadline passed.  McDonald also argues
that the evidence supports the allegedly implied term because the adjuster repeatedly
testified that it is standard practice to obtain a full release in settling a
personal injury claim.  McDonald argues
that use of the words “settlement purposes” was sufficient to communicate that
a full release, including the hospital lien, was being offered in exchange for
settlement.  Finally, he suggests that the
hospital lien was facially invalid because the date of the accident was
incorrect, McDonald’s address on the lien was different from that on the police
report, and it did not identify a responsible party.

          The
insurers rely on Trinity Universal Ins.
Co. v. Bleeker, 966 S.W.2d 489, (Tex. 1998), for the proposition that an
offer to settle is not a sufficient Stowers
demand unless it expressly acknowledges existing hospital liens and offers the
insured a release from them.  In Bleeker, the insured was drunk when he
drove into a pickup truck that was stopped on the side of the road, killing one
person and injuring 13 others.  966
S.W.2d at 490.  Medical bills exceeded
the limits of the insurance policy, and the treating hospitals filed hospital
liens.  Id.  An attorney representing
5 of the 14 claimants demanded that the insurer pay the full policy limits into
the court’s registry for distribution to his clients and the other 9 claimants.  Id.  The demand letter mentioned the Stowers doctrine and threatened a
lawsuit if the insurer did not meet the demand. 
Id.  It did not explicitly offer to release any
claims against the insured, nor did it mention the hospital liens.  Id.

The Texas Supreme Court first
observed that the settlement demand could not have offered a full and final
release for the insured because the attorney did not represent all of the
claimants.  Id. at 491.  The Court then
held that the insurers never had a Stowers
duty to settle because a full release had never been offered.  Id.  Because the offers did not include the
hospital liens, any implied release included in the settlement demand was not a
full one under the Texas Hospital Lien Law. 
Id.

          Here,
the settlement demand referred to the Stowers
doctrine and stated that McDonald had authorized his attorney “to fully and
finally settle his claims” against Rangel. 
It did not explicitly offer to release any potential claims against
Rangel, nor did it make any reference to the resolution of hospital liens.  Before the settlement offer expired, Memorial
Hermann notified the insurer that it intended to assert its rights under the
lien.  Memorial Hermann could not have
been a payee on a check in acceptance of the settlement offer because the demand
specifically required payment to be made directly to McDonald, care of his
attorneys, and that any counteroffer would constitute a rejection of the
opportunity to settle.  These express instructions
in the settlement demand subjected the insurer to a risk that a settlement on
the offered terms would not be a full one. 
Cf. Bleeker, 966 S.W.2d at
491.

          McDonald
contends that the insurers’ failure to mention the necessity of a release of
the hospital lien before June 14, 2002 or in some of their subsequent
correspondence shows that they understood that the release was implied in the
settlement demand.  Evidence about the
insurers’ claims investigation and conduct during settlement negotiations is “necessarily
subsidiary to the ultimate issue” of whether McDonald’s demand itself was such
that an ordinarily prudent insurer would accept it.  Garcia,
876 S.W.2d at 849.  Moreover, the failure
to mention hospital liens in subsequent correspondence does not indicate that
the insurers would not have required protection from liens in any formal
documentation of a settlement—none of the
insurers’ communications were framed in the take-it-or-leave-it manner of
McDonald’s exploding demand letter.  Accordingly,
we conclude that in this case there was neither an express nor an implied offer
to release the hospital lien in McDonald’s settlement demand.

McDonald also asserts that his
demand letter offered the insurers an opportunity for a full and final
resolution of his claim because the hospital lien was legally invalid.  His contentions of the lien’s legal invalidity
are based upon allegations that it incorrectly showed an accident date of August
5 instead of August 4, it showed an allegedly incorrect address for McDonald,
and it did not name Rangel as the responsible party.  The record shows that the adjuster was aware
of the existence of a purported hospital lien before the settlement demand
expired, but it does not indicate whether the insurers saw the actual lien.  We conclude, however, that the validity of
the lien itself is irrelevant to whether the demand letter triggered a Stowers duty.

As discussed above, the terms of McDonald’s
settlement demand included neither express nor implied protections against hospital
liens.  To the extent the demand was intended
to invoke the Stowers doctrine, its
terms should have either made express reference to the liens or at least should
not have instructed express terms for acceptance which left the insurer exposed
to the risk of liability to the hospital. 
See Bleeker, 966 S.W.2d at 491.
 McDonald’s demand letter therefore
failed to propose reasonable terms such that an ordinarily prudent insurer
would have accepted them and assumed for itself the risk that the liens would
be enforced.  See Phillips, 288 S.W.3d at 879.

Finally, McDonald argues that even
if the demand letter was insufficient to trigger a duty to settle, the insurers
in fact attempted to settle and should therefore be held liable for failing to
exercise reasonable care in doing so. 
McDonald contends that the insurer failed to exercise due care because
its offers of settlement came after the demand letter’s arbitrary deadline for
acceptance.  These arguments are not
supported by the record, which shows that the insurers offered to settle in
exchange for a full release.  In addition,
McDonald’s argument implies an additional common-law duty regarding settlement,
separate from the Stowers
doctrine.  No such duty exists in Texas
law.  See
Mid-Continent Ins. Co. v. Liberty Mut. Ins. Co., 236 S.W.3d 765, 776 (Tex.
2007) (confirming “Stowers is the
only common-law tort duty in the context of third-party insurers responding to
settlement demands”).

We overrule McDonald’s first and
second issues.

B.              
Statutory
duty to settle

In his
third issue, McDonald argues that the trial court should not have granted the
insurers’ motions for summary judgment because the evidence conclusively
established their liability under his statutory cause of action.  Like the Stowers
cause of action, the statutory cause of action includes the element that the terms
of the settlement must be such that an ordinarily prudent insurer would accept
it.  Rocor
Int’l, 77 S.W.3d at 262.  Had the
insurers accepted McDonald’s demand, they and Rangel could have been liable to
the hospital under the Texas Hospital Lien Law. 
See Bashara, 685 S.W.2d at 309; Borders, 581 S.W.2d at 733.  As discussed above, such terms were not
reasonable ones that an ordinarily prudent insurer would have accepted.  See
Rocor Int’l, 77 S.W.3d at 262. 

We overrule McDonald’s third issue.

Conclusion

          we affirm the trial court’s judgment.

 

 

                                                                   Michael
Massengale

                                                                   Justice


 

Panel
consists of Justices Keyes, Sharp, and Massengale.