**Lois Ann HENNIGAN, Petitioner,**

v.

**I.P. PETROLEUM COMPANY, INC. and GCO Minerals Company, Inc., Respondents.**

**No. D–3427.**

Supreme Court of Texas.

June 30, 1993.

Rehearing Overruled Sept. 10, 1993.

*Real Estate, Inc.*, 220 Va. 164, 257 S.E.2d 763 (1979), *contra, Sisk v. Edmonston*, 163 Kan. 394, 182 P.2d 891 (1947).

Richard Ellis Turkel, Nick C.E. Lebleu, Orange, for petitioner.

Tynan Buthod, Kevin M. Jordan, Houston, for respondents.

PER CURIAM.

Lois Ann Hennigan sued I.P. Petroleum Company, Inc. and GCO Minerals Company, Inc. (collectively, I.P. Petroleum) for statutory gender discrimination, negligent infliction of emotional distress, intentional infliction of emotional distress, and civil conspiracy. The trial court granted I.P. Petroleum's motion for summary judgment on all claims. The court of appeals affirmed. 848 S.W.2d 276. We conclude that the summary judgment concerning the gender discrimination claim was improper.

After I.P. Petroleum terminated Hennigan from her employment as a security guard, she filed a complaint with the Texas Employment Commission (TEC) and eventually sued I.P. Petroleum. At her deposition, Hennigan gave the following testimony:

Q: [By counsel for I.P. Petroleum]: Are you trying to tell the jury that you were fired in retaliation for you filing the divorce?

A: [By Hennigan]: I think so.

Q: So, you weren't terminated because you are a woman, simply because you filed for divorce?

A: Do what now?

Q: You were not terminated, in your mind, because you are a woman. You were terminated simply because you filed for divorce?

A: Yes.

I.P. Petroleum moved for summary judgment asserting that Hennigan had negated an essential element of her gender discrimination claim through her deposition testimony. In response, Hennigan filed an affidavit asserting that she did not understand the questions asked of her at deposition and reasserting her claim of gender discrimination.

■ Hennigan did not abandon or waive her claim of gender discrimination through her deposition testimony. Hennigan's statement in her deposition is a quasi-admission and, as such, is merely some evidence and is not conclusive. This court has explained the difference between a quasi-admission and a judicial admission as follows:

A party's testimonial declarations which are contrary to his position are quasi-admissions. They are merely some evidence, and they are not conclusive upon the admitter.... These are to be distinguished from the true judicial admission which is a formal waiver of proof usually found in pleadings or the stipulations of the parties. A judicial admission is conclusive upon the party making it, and it relieves the opposing party's burden of proving the admitted fact, and bars the admitting part from disputing it....

*Mendoza v. Fidelity & Guar. Ins. Underwriters, Inc.,* 606 S.W.2d 692, 694 (Tex. 1980). The requirements for treating a party's testimonial quasi-admission as a conclusive judicial admission include that the statement be "deliberate, clear, and unequivocal" and that "[t]he hypothesis of mere mistake or slip of the tongue must be eliminated." *Griffin v. Superior Ins. Co.,* 161 Tex. 195, 338 S.W.2d 415, 419 (1960). Hennigan's averment that she was confused in responding to deposition questions raises a genuine issue of material fact regarding Hennigan's gender discrimination claim.

I.P. Petroleum also argues that Hennigan's gender discrimination claim was barred by her failure to comply with statutory requirements. We disagree.

Hennigan was terminated on August 12, 1989. She filed her complaint alleging discrimination with the TEC two days later. The complaint was referred or forwarded to the Texas Commission on Human Rights (TCHR) on August 21. On March 12, 1990, Hennigan filed an amended sworn complaint with the TCHR.

■ Section 6.01(a) of article 5221k—the Commission on Human Rights Act—states in pertinent part:

A person claiming to be aggrieved by an unlawful employment practice, or that person's agent, may file with the commission a complaint, which must be in writing under oath or affirmation.... A complaint under this section must be filed within 180 days after the date the alleged unlawful employment practice oc-

curred; untimely complaints shall be dismissed by the commission.

Tex.Rev.Civ.Stat. art. 5221k, § 6.01(a) (Vernon 1987). Section 327.1(g) of the Texas Administrative Code permits complaints filed with the TCHR to be "amended to cure technical defects or omissions, including failure to verify the complaint...." It also provides that amendments made to complaints relate back to the date the original complaint was filed with the TCHR. 40 Tex.Admin.Code § 327.1(g) (1993 Supp.). For this reason, a verified complaint filed outside of the 180-day time limit relates back to, and satisfies any deficiencies in an unverified questionnaire filed within the 180-day limit, therefore satisfying the 180-day jurisdictional requirement of section 6.01(a). *See Brammer v. Martinaire, Inc.*, 838 S.W.2d 844 (Tex.App.—Amarillo 1992, no writ). It is immaterial that Hennigan's original complaint was filed with TEC since her complaint was referred or forwarded to TCHR within seven days of her initial filing with TEC. Consequently, we conclude that Hennigan's complaint was timely filed in accordance with section 6.01(a).

Pursuant to Rule 170 of the Texas Rules of Appellate Procedure, a majority of the court grants the application for writ of error concerning the gender discrimination claim and, without hearing oral argument, reverses the judgment of the court of appeals concerning that claim and remands the cause to the trial court for further proceedings consistent with this opinion. Hennigan's application for writ of error is denied in all other respects.