

# NUMBER 13-17-00292-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

TEXAS HEALTH AND
HUMAN SERVICES COMMISSION,                                          Appellant,

v.

DAVID DE LA CRUZ,                                                          Appellee.

## On appeal from the County Court at Law No. 6
of Hidalgo County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Contreras, and Hinojosa
### Memorandum Opinion by Justice Hinojosa

Appellee David De La Cruz sued appellant the Texas Health and Human Services

Commission (HHSC), alleging employment discrimination on the basis of gender. *See*

TEX. LAB. CODE ANN. § 21.051(1) (West, Westlaw through 2017 1st C.S.). HHSC appeals

the trial court's denial of its plea to the jurisdiction. By one issue, HHSC argues that the

trial court was deprived of subject matter jurisdiction because De La Cruz failed to timely file his discrimination complaint with the Texas Workforce Commission (TWC). We affirm.

## I.   BACKGROUND

De La Cruz worked for HHSC from 2008 through his termination on April 23, 2014. De La Cruz filed an "Employment Discrimination Complaint Form" (Complaint Form) with the TWC 176 days later, on October 16, 2014, alleging that his termination was motivated by gender. The Complaint Form contained the following question: "If we draft your charge and send it to you at your email address, will you print, sign, and return the form that same day?" De La Cruz indicated "Yes" by checking the appropriate box. De La Cruz later filed a "Charge of Discrimination" (Charge Form) with the TWC on October 27, 2014. The Charge Form, which was filed 187 days following De La Cruz's termination, contained the same discrimination allegations as the earlier Complaint Form. However, unlike the Complaint Form, it contained a section in which De La Cruz "declare[d] under penalty of perjury" that the allegations in the Charge Form were "true and correct."

The TWC issued a dismissal and notice of right to sue letter on December 30, 2014. De La Cruz filed the present cause of action on February 25, 2015. HHSC filed a plea to the jurisdiction, arguing that De La Cruz's failure to file a sworn complaint within 180 days of his termination deprived the trial court of subject matter jurisdiction. The trial court denied HHSC's plea to the jurisdiction.[1] This interlocutory appeal followed. *See*

---

[1] On February 28, 2017, the trial court granted HHSC's plea to the jurisdiction and dismissed the cause of action. However, the trial court subsequently granted De La Cruz's "Motion to Vacate Order Granting Defendant's Plea to the Jurisdiction, Motion to Reinstate Case and Alternatively, Motion for New

TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (West, Westlaw through 2017 1st C.S.).

## II.   STANDARD OF REVIEW

A plea to the jurisdiction is a dilatory plea; its purpose is "to defeat a cause of action without regard to whether the claims asserted have merit." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000).   The plea challenges the trial court's subject matter jurisdiction over a pleaded cause of action. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).   Subject matter jurisdiction is a question of law; therefore, when the determinative facts are undisputed, we review the trial court's ruling on a plea to the jurisdiction de novo. *Id.*   "Sovereign immunity deprives a trial court of jurisdiction over lawsuits in which the state or certain governmental units have been sued, unless the state consents to suit.   As a result, immunity is properly asserted in a plea to the jurisdiction." *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 636 (Tex. 2012).

When a plea to the jurisdiction challenges the existence of jurisdictional facts, a trial court's review "mirrors that of a traditional summary judgment motion." *Id.* at 635. The trial court must take as true all evidence favorable to the nonmovant, indulging every reasonable inference and resolving any doubts in the nonmovant's favor. *Miranda*, 133 S.W.3d at 228.   The defendant carries the initial burden to meet the summary judgment proof standard for its assertion that the trial court lacks jurisdiction. *Garcia*, 372 S.W.3d at 635.   If it meets its burden, the plaintiff is then required to show that a disputed material fact exists regarding the jurisdictional issue. *Id.*   If there is a fact question regarding the

---

Trial."

3

jurisdictional issue, the trial court must deny the plea to the jurisdiction. *Miranda*, 133 S.W.3d at 227–28. However, if the evidence is undisputed or if the plaintiff fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law. *Id.* at 228.

### III. TIMELINESS OF COMPLAINT

HHSC argues that "De La Cruz's failure to file a complaint with the TWC within 180 days of his termination bars his suit on sovereign immunity grounds." De La Cruz responds that his verified Charge Form "related back to—and satisfied any deficiency with—the unverified Complaint Form."

### A. Applicable Law

The Texas Commission on Human Rights Act (TCHRA) provides the framework for employment discrimination claims in Texas. *Prairie View A & M Univ. v. Chatha*, 381 S.W.3d 500, 502–03 (Tex. 2012); *see* TEX. LAB. CODE ANN. ch. 21 (West, Westlaw through 2017 1st C.S.). An employer violates the TCHRA if the employer "fails or refuses to hire an individual, discharges an individual, or discriminates in any other manner against an individual in connection with compensation or the terms, conditions, or privileges of employment" because of the employee's gender. TEX. LAB. CODE ANN. § 21.051(1). A claimant under the TCHRA must file a discrimination complaint within 180 days of the alleged unlawful employment action. *Id.* § 21.202(a). The complaint must be in writing and under oath, and it must state that an unlawful employment practice has been committed, including the facts and circumstances of the unlawful practice. *Id.* § 21.201(b), (c)(1)–(2).

4

The 180-day filing deadline in the TCHRA is a statutory prerequisite to suit. *Chatha*, 381 S.W.3d at 514. Therefore, when the defendant is a governmental entity, a plaintiff's failure to timely file a charge of discrimination is a jurisdictional bar to suit. *Id*.; *see* TEX. GOV'T CODE ANN. § 311.034 (West, Westlaw through 2017 1st C.S.) ("Statutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity.").

## B. Analysis

The parties do not dispute the operative facts. De La Cruz filed his Complaint Form 176 days after his termination. HHSC takes no issue with the Complaint Form except that it was unsworn. De La Cruz later received the Charge Form from the TWC, signed it, and filed it 187 days after his termination. *See Brammer v. Martinaire, Inc.*, 838 S.W.2d 844, 846 (Tex. App.—Amarillo 1992, no writ) (noting that "the practice of the Commission is to require an aggrieved party to complete a questionnaire concerning his charge and submit it to them" and that "[t]he Commission thereafter prepares a formal charge and sends this to the complainant to be reviewed and signed under oath"); *see also City of La Joya v. Ortiz*, No. 13-06-401-CV, 2007 WL 293019, at *3 n.5 (Tex. App.—Corpus Christi Feb. 1, 2007, no pet.) (mem. op.) (same).

In *Hennigan v. I.P. Petroleum Company*, the Texas Supreme Court held that "a verified complaint filed outside of the 180-day time limit relates back to, and satisfies any deficiencies in an unverified questionnaire filed within the 180-day limit, therefore satisfying the 180-day jurisdictional requirement." 858 S.W.2d 371, 373 (Tex. 1993). The court reached its holding by interpreting an administrative code section in force at the

time, which was later codified under section 21.201 of the labor code. *Id.*; *see Tex. Dep't of Pub. Safety v. Alexander*, 300 S.W.3d 62, 75 n.11 (Tex. App.—Austin 2009, pet. denied) (noting that "the *Hennigan* court cited to a section of the Texas Administrative Code in force at the time, which was substantively the same as the current version of section 21.201 of the Texas Labor Code"). The pertinent THRCA provisions now state as follows:

> (e)   A complaint may be amended to cure technical defects or omissions, including a failure to verify the complaint or to clarify and amplify an allegation made in the complaint.

> (f)   An amendment to a complaint alleging additional facts that constitute unlawful employment practices relating to or arising from the subject matter of the original complaint relates back to the date the complaint was first received by the commission.

TEX. LAB. CODE ANN. § 21.201(e), (f).

HHSC argues that *Hennigan's* relation-back rule has been abrogated by statute. However, both this court and our sister courts continue to recognize the viability of *Hennigan* following the codification of the administrative code provisions. *See Tex. A & M Univ. v. Starks*, 500 S.W.3d 560, 568 (Tex. App.—Waco 2016, no pet.); *Alexander*, 300 S.W.3d at 75–76; *Bartosh v. Sam Houston State Univ.*, 259 S.W.3d 317, 322 (Tex. App.—Texarkana 2008, pet. denied); *Stanley Stores, Inc. v. Chavana*, 909 S.W.2d 554, 558–59 (Tex. App.—Corpus Christi 1995, writ denied); *see also Ortiz*, 2007 WL 293019, at *3 n.4. Therefore, we decline HHSC's invitation to revisit settled precedent.

De La Cruz timely filed his Complaint Form, which expressly contemplated that De La Cruz would later sign a sworn charge form to be drafted by the TWC. The TWC's

6

intake process in this case is consistent with the THRCA's provision allowing for the curing of technical defects, including the failure to verify a complaint. *See* TEX. LAB. CODE ANN. § 21.201(e). The THRCA further provides for the relation back of amended complaints. *See id.* § 21.201(f). Accordingly, we conclude that De La Cruz's verified Charge Form filed outside of the 180-day time limit relates back to, and cures any deficiencies in, the unverified Complaint Form filed within the 180-day limit. *See Hennigan*, 858 S.W.2d at 373.

Furthermore, this Court has previously rejected HHSC's argument that an unverified intake questionnaire does not constitute a formal complaint under the TCHRA. *See Wal–Mart Stores, Inc. v. Canchola*, 64 S.W.3d 524, 535 (Tex. App.—Corpus Christi 2001), *rev'd on other grounds*, 121 S.W.3d 735 (Tex. 2003). Relying on section 21.201(e)'s provision that a complaint may be amended to cure technical defects, we concluded in *Canchola* that the filing of the unverified questionnaire "suffice[d] to institute administrative review under the TCHRA." *Id.* We have since held that "noncompliance with section 21.201(b)'s verification requirement is non-jurisdictional." *Pharr-San Juan-Alamo Indep. Sch. Dist. v. Lozano*, No. 13-16-00408-CV, 2018 WL 655527, at *4 (Tex. App.—Corpus Christi Jan. 31, 2018, pet. filed) (mem. op.) (citing *Reid v. SSB Holdings, Inc.*, 506 S.W.3d 140, 143–150 (Tex. App.—Texarkana 2016, pet. denied)). Therefore, even if we were to only consider De La Cruz's timely filed but unsworn Complaint Form, the lack of a verification would not operate as a jurisdictional bar to suit. *See id.*

We conclude that the trial court did not err in denying HHSC's plea to the jurisdiction. We overrule HHSC's sole issue.

## IV. CONCLUSION

We affirm the trial court's order denying HHSC's plea to the jurisdiction.

LETICIA HINOJOSA
Justice

Delivered and filed the
24th day of May, 2018.