**Opinion issued March 6, 2025.**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-24-00072-CV

———————————

**LAKEVIEW POLICE DEPARTMENT AND THE CITY OF EL LAGO,**
**Appellants**

**V.**

**CORRIE MOODY, Appellee**

---

**On Appeal from the 61st District Court**
**Harris County, Texas**
**Trial Court Case No. 2023-05377**

---

## MEMORANDUM OPINION

Appellee Corrie Moody filed an employment discrimination suit against Appellants Lakeview Police Department and the City of El Lago. Lakeview and the City filed a Plea to the Jurisdiction based on governmental immunity, which the trial court denied.

In this interlocutory appeal, Lakeview and the City argue the trial court erred in denying their Plea to the Jurisdiction because (1) Moody was not employed by the City and failed to plead any facts demonstrating that the City discriminated against her, and (2) Moody did not file a timely complaint with the Texas Workforce Commission, thus failing to exhaust her administrative remedies under Chapter 21 of the Texas Labor Code.

We affirm in part, and reverse and render in part.

## Background

Corrie Moody began working as a police officer with Lakeview Police Department in August 2020. She later became pregnant and "experienced complication with her pregnancy." In May 2021, Moody requested a leave of absence due to pregnancy complications. Lakeview approved Moody's request and granted her leave starting on May 28, 2021.

On July 2, 2021, while still on leave, Moody gave birth to her son via C-section. One week later, on July 9, 2021, Moody received a certified letter from Carl Nunn, Lakeview's Chief of Police, informing her that she would be granted an additional four weeks of leave without pay through August 6, 2021. The letter stated:

> As you know, attendance is an essential duty of the officers of the Lakeview Police Department. You have been absent since May 28, 2021 and have exhausted your paid sick and vacation leave. Unfortunately, you do not qualify for Family and Medical Leave under

2

the FMLA. While you have provided no medical documentation substantiating a need to remain on leave, it is our understanding that you are requesting additional leave on unpaid status.

In accordance with General Order #200-14, I am authorized to grant employees leave without pay. Therefore, I am willing to grant you an additional 4 weeks of leave without pay. Your authorized leave without pay shall end on August 6, 2021. You will be expected to check in with your supervisor prior to that date to confirm your next, scheduled shift.

The letter concluded by stating that if Moody "was unable or unwilling to return to work" by August 6, 2021—the end of her approved leave period—her employment with Lakeview would be terminated.

According to Moody, she requested "in writing to be placed on light duty until cleared by her doctor," but Chief Nunn "denied [her] request and told her [] he could only offer [her] a demotion to an unpaid position." Moody claims she then requested additional unpaid leave providing a letter from her doctor stating she could not return to "full duty" work until September 13, 2021 due to her C-section. Moody states she submitted her request to Lakeview Police Commissioners Jeff Corbin, Rob O'Donel, and Michael O'Brien who "placed [her request] on the agenda during an executive meeting" where the Commission voted "to terminate [her] employment."

On August 3, 2021, Patrick Delly, Chairman for the Lakeview Police Commission, informed Moody in writing that the Commission had reviewed her request for additional leave and "concluded that no further unpaid leave [would] be

granted." Lakeview terminated Moody's employment when she failed to return to work on August 6, 2021. Her termination was effective August 10, 2021.

On December 27, 2021, Moody filed with the Texas Workforce Commission ("TWC") an "Employment Discrimination Complaint Form" claiming she had been terminated from her employment at Lakeview based on sex and pregnancy discrimination.[1] The form is also identified as a "TWCCRD Inquiry Form."

On January 14, 2022, TWC sent Moody a "TWCCRD STATUS OF COMPLAINT NOTICE" confirming Moody's "Complaint Form" had been received on December 27, 2021. The TWC notice states:

> Your complaint is in queue for a drafted charge. This means that it was accepted by our office and will be drafted into a Charge of Discrimination. This means your allegations met the minimum prima facie as defined by Chapter 21 of the Texas Labor Code. Once the draft has been completed it will be sent to you via DocuSign and your signature will be required within 14 calendar days.
>
> . . . .
>
> • If we are unable to formalize your complaint it will be dismissed or transferred, depending upon the specifics within your complaint.
>
> • We will only perfect a charge if your complaint is within TWCCRD's jurisdiction.

---

[1] Moody's TWC complaint reflects that she also filed a complaint with the Equal Employment Opportunity Commission ("EEOC"). On March 3, 2023, the EEOC informed Moody that she had a right to institute a civil action under Title VII of the Civil Rights Act of 1964.

- If we are able to perfect a Charge of Discrimination, both parties will be invited to participate in mediation.

On May 25, 2022, Moody filed with TWC a verified Charge of Discrimination repeating the allegations she made in the TWCCRD Inquiry Form that she was terminated "based on [her] sex (female/pregnancy)." The charge identifies Moody's employer as "Lakeview Police Department-City of El Lago." According to Moody, TWC investigated her allegations and later "engaged the parties in mediation."

On November 29, 2022, TWC issued Moody a "Notice of Dismissal and Right to File Civil Action" informing Moody she had a right to file a private civil suit in state court under the Texas Commission on Human Rights Act ("TCHRA"), and that she had to file suit within "sixty (60) days from the receipt of th[e] notice." Less than sixty days later, on January 26, 2023, Moody filed suit against the Lakeview Police Department and the City of El Lago for sex discrimination under the TCHRA.

In her petition, Moody alleges that Lakeview "is a police agency created and funded by Co-Defendant the City of El Lago." She alleges that in August 2020, she began her employment as a police officer with the "Defendants," who she defines as Lakeview and the City collectively, and that ultimately the "Defendants terminated her employment." Moody alleges that after she gave birth to her son via C-section on July 2, 2021, the "Defendants' Chief of Police" notified her that she had to return to work and regular duties on August 6, 2021. Although Moody submitted a letter from her doctor stating she could not be released back to work until September 13,

2021, and offered to go on leave without pay, she alleges "the Defendants terminated her employment." According to Moody, "the Police Commission . . . in part, make[s] the employment decisions for Defendants." Moody alleged that she filed her Charge of Discrimination against "the Defendants" with TWC on May 25, 2022, and she received a right to sue letter from TWC.

Lakeview and the City filed a Plea to the Jurisdiction arguing that as governmental entities, they were immune from Moody's lawsuit because she had not exhausted her administrative remedies prior to filing suit. According to Lakeview and the City, Moody had not filed a timely charge of discrimination, which is a jurisdictional prerequisite to filing suit under the TCHRA. *See* TEX. LAB. CODE § 21.202(a) (stating "a complaint under this subchapter must be filed not later than the 180th day after the date the alleged unlawful employment practice occurred").

In their Plea, Lakeview and the City argued that on July 9, 2021, Moody was notified that she had to return to work by August 6, 2021 or face termination, and that on August 3, 2021, she was notified that the Lakeview Police Commission had denied her request for additional leave. Moody's termination was effective August 10, 2021. According to Lakeview and the City, Moody had 180 days from August 3, 2021—the date on which Moody was notified that her request for additional leave had been denied—to file a charge with TWC. Based on the August 3, 2021 notice

6

date, Lakeview and the City argue Moody had until January 31, 2022 to file her charge of discrimination. Because Moody did not file her "charge" until May 25, 2022, they argue Moody failed to comply with a jurisdictional prerequisite thus depriving the court of jurisdiction over her lawsuit.

Lakeview and the City attached to their Plea to the Jurisdiction (1) the minutes of the Lakeview Police Commission's August 2, 2021 Executive Session, (2) the August 3, 2021 letter from Patrick Delly, the Chairman of the Lakeview Police Commission, informing Moody that the Lakeview Police Commission had denied her request for additional leave, (3) the Separation of Licensee reflecting that Moody's employment with Lakeview was terminated on August 10, 2021, (4) the May 25, 2022 Charge of Discrimination Moody filed with TWC, (5) the March 3, 2023 Notice of Dismissal and Right to File Civil Action Moody received from TWC, and (6) the July 9, 2021 letter from Lakeview Police Chief Nunn to Moody granting Moody additional leave through August 6, 2021 and informing Moody that her employment would be terminated if she was unable or unwilling to return to work after her leave ended.

Moody responded to the City's and Lakeview's Plea arguing she had complied with the jurisdictional prerequisites to filing suit because she had filed her "complaint" with TWC on December 27, 2021, well within the 180-day deadline. According to Moody, TWC sent her a letter on January 14, 2022, confirming the

7

receipt and filing of her December 27 complaint, and she later filed a Charge of Discrimination with TWC in May 2022. Moody argued she was not required to file a "Charge of Discrimination" within 180 days from the discriminatory conduct because the TCHRA only requires the filing of a "complaint" within this period. According to Moody, Lakeview and the City "conflated the terms 'complaint' and 'charge of discrimination' to confuse the issue." In support of her response, Moody attached (1) the December 27, 2021 "Employment Discrimination Complaint Form" she filed with TWC, (2) the January 14, 2022 notice she received from TWC informing her that her complaint had been received and accepted, and (3) the November 29, 2022 Notice of Dismissal and Right to File Civil Action she received from TWC.

The trial court denied Lakeview's and the City's Plea to the jurisdiction. This interlocutory appeal followed.[2]

## Governmental Immunity

In two issues, Lakeview and the City argue the trial court erred in denying their Plea based on governmental immunity because (1) Moody was not employed by the City and she did not plead any facts demonstrating the City discriminated

---

[2] TEX. CIV. PRAC. & REM. CODE § 51.014(a)(8) (authorizing interlocutory appeal from grant or denial of governmental unit's plea to jurisdiction).

8

against her, and (2) Moody did not file a timely complaint with TWC, and thus she failed to exhaust her administrative remedies under the TCHRA.

## A. Governmental Immunity

Governmental immunity protects political subdivisions of the state from lawsuits and liability for monetary damages unless their immunity is waived by the Legislature. *See Schroeder v. Escalera Ranch Owners' Ass'n, Inc.*, 646 S.W.3d 329, 332 (Tex. 2022); *see also Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 (Tex. 2008) ("Sovereign immunity and its counterpart, governmental immunity, exist to protect the State and its political subdivisions from lawsuits and liability for money damages."). The Legislature has provided a limited waiver of immunity from suit for employment discrimination claims falling within the scope of the Texas Commission on Human Rights Act. *See* TEX. LAB. CODE §§ 21.051, 21.055; *Prairie View A&M Univ. v. Chatha*, 381 S.W.3d 500, 513 (Tex. 2012). "[A] claimant can bring suit under the TCHRA against a governmental entity only after [the] claimant strictly satisfies the procedural requirements outlined in the TCHRA." *Chatha*, 381 S.W.3d at 513–14.

## B. Exhaustion of Administrative Remedies

A person claiming a violation of the TCHRA must first exhaust her administrative remedies prior to filing suit. *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 804 (Tex. 2010); *Chatha*, 381 S.W.3d at 513–14 (same). To exhaust

9

administrative remedies under the TCHRA, a plaintiff must (1) file a sworn, written complaint with TWC within 180 days of the alleged discriminatory act, (2) allow the TWC 180 days to dismiss or resolve the complaint, and (3) file suit in district court within sixty days of receiving a right to sue letter from TWC and no later than two years after filing the complaint. *See* TEX. LAB. CODE §§ 21.202, .208, .254, .256. The filing of a timely complaint with TWC is a jurisdictional prerequisite to filing suit under the TCHRA. *See Lopez v. Tex. State Univ.*, 368 S.W.3d 695, 701 (Tex. App.—Austin 2012, pet. denied) ("The exhaustion of administrative remedies is a jurisdictional prerequisite to filing suit for unlawful employment practices.") (citing *Specialty Retailers, Inc. v. DeMoranville*, 933 S.W.2d 490, 492 (Tex. 1996)); *Santi v. Univ. of Tex. Health Sci. Ctr. at Hous.*, 312 S.W.3d 800, 804 (Tex. App.—Houston [1st Dist.] 2009, no pet.) ("Failure to timely file an administrative complaint deprives Texas trial courts of subject-matter jurisdiction.").

If a complaint filed with TWC suffers from technical defects or omissions, including the failure to verify the complaint, the complaint may be amended to cure these defects. TEX. LAB. CODE § 21.201(e).[3] An amendment to a complaint relates back to the date the complaint was first received by TWC. *Id.* § 21.201(f); *see also Hennigan v. I.P. Petroleum Co. Inc.*, 858 S.W.2d 371, 373 (Tex. 1993) (holding "a

---

[3] Section 21.201(e) provides that a "complaint may be amended to cure technical defects or omissions, including a failure to verify the complaint or to clarify and amplify an allegation made in the complaint." TEX. LAB. CODE § 21.201(e).

verified complaint filed outside of the 180-day time limit relates back to, and satisfies any deficiencies in an unverified questionnaire filed within the 180-day limit, therefore satisfying the 180-day jurisdictional requirement of section [21.202(a)]").

## C.     Standard of Review

Because immunity from suit implicates a court's subject matter jurisdiction, a governmental entity can assert immunity from suit in a plea to jurisdiction.  *See Dohlen v. City of San Antonio*, 643 S.W.3d 387, 392 (Tex. 2022) (stating immunity from suit is "properly raised in a plea to the jurisdiction" because it "implicates a court's subject-matter jurisdiction").  "The party suing the governmental unit bears the burden of affirmatively showing waiver of immunity."  *City of San Antonio v. Maspero*, 640 S.W.3d 523, 528 (Tex. 2022).

We review a court's ruling on a plea to the jurisdiction *de novo*.  *See City of Elsa v. Gonzalez*, 325 S.W.3d 622, 625 (Tex. 2010).  When reviewing a trial court's ruling on a challenge to its jurisdiction, we consider the plaintiff's pleadings and factual assertions, as well as any evidence relevant to the jurisdictional issue.  *See id*.  We construe pleadings liberally in favor of the plaintiff, look to the pleader's intent, and determine if the pleader has alleged facts affirmatively demonstrating the court's jurisdiction.  *Id.* (citing *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

11

If a plea challenges the existence of jurisdictional facts, we apply the procedure and standard of review applicable to summary judgments. *See Miranda*, 133 S.W.3d at 227–28. We consider the relevant jurisdictional evidence submitted by the parties, taking as true all evidence favorable to the plaintiff, indulging all reasonable inferences and resolving all doubts in the plaintiff's favor. *Id.* at 228. If the defendant asserts, and supports with evidence, that the trial court lacks subject matter jurisdiction, the burden shifts to the plaintiff to show there is a disputed material fact concerning jurisdiction. *Id.* If the jurisdictional evidence, considered in the light most favorable to the plaintiff, raises at least a question of fact as to the jurisdictional issue, the plea must be denied, leaving the matter to be resolved by the factfinder. *Id.* at 227–28.

### Timeliness of Moody's Complaint

In their second issue, Lakeview and the City argue the trial court erred by denying their Plea to the Jurisdiction because Moody failed to file her charge of discrimination within 180-days of August 3, 2021—the date she was notified that the Lakeview Police Commission had denied her request for additional leave—and thus Moody failed to satisfy one of the jurisdictional prerequisites to filing suit under the TCHRA. *See Czerwinski v. Univ. of Tex. Health Science Ctr.*, 116 S.W.3d 119, 121 (Tex. App.—Houston [14th Dist.] 2002, pet. denied) (stating failure to file timely administrative complaint deprives courts of subject matter jurisdiction).

Moody responds that the trial court did not err in denying the Plea because although she filed a Charge of Discrimination on May 25, 2022, she first filed her complaint with TWC on December 27, 2021, well within 180-days of the alleged discriminatory conduct. *See* TEX. LAB. CODE § 21.202 (requiring complainant file complaint with TWC within 180 days of alleged discriminatory act). Moody argues that Lakeview and the City "conflated the terms 'complaint' and 'charge of discrimination' to confuse the issue."

The record reflects that on December 27, 2021, Moody filed an "Employment Discrimination Complaint Form" with TWC, which is also referred to as a "TWCCRD Inquiry Form." In the unsworn form, Moody stated that she was hired on August 20, 2020 as a police officer and that in July 2021, seven days "after labor via c-section," she received a letter "demanding [her] return 5 weeks after surgery to regular patrol" even though her doctor had not cleared her to perform regular duties. Moody alleged that the Lakeview Chief of Police refused her request "for reasonable accommodations" to return to light duty and that later, when she requested additional unpaid leave, the "police commissioners" discussed her request during an executive committee and voted to terminate her employment "due to [her] medical condition."

Because it is unsworn, Moody's complaint is deficient, but it otherwise satisfies the requirements of Section 21.201 of the TCHRA in that it is in writing,

13

states that her employment was terminated for an unlawful reason, provides facts upon which her claim is based, and sufficiently identifies the persons involved in the complained of discriminatory actions. *See* TEX. LAB. CODE § 21.201(b)–(c) (stating complaint "must be in writing and made under oath . . . [and] must state: (1) that an unlawful employment practice has been committed; (2) the facts on which the complaint is based . . . , and (3) facts sufficient to enable the commission to identify the respondent"). On January 14, 2022, TWC sent Moody a "TWCCRD STATUS OF COMPLAINT NOTICE," confirming that Moody's "Complaint Form" had been received and accepted by TWC on December 27, 2021. TWC's notice stated that Moody's "complaint [is currently] assigned to Gomez Hilsi[,]is in queue for a drafted charge [of discrimination]" and "[o]nce the draft has been completed it will be sent to you via DocuSign and your signature will be required within 14 calendar days." Moody filed a verified Charge of Discrimination with TWC on May 25, 2022.

Lakeview and the City concede that under Section 21.201(f) of the Labor Code, a deficient complaint may be cured and that the amended complaint relates back to the date on which the complaint was first received by TWC. *See id.* § 21.201(f) (stating amended complaint relates back to date complaint was first received by TWC). They nonetheless argue that Section 21.201(f) does not apply because "there are no pleaded facts here, and no evidence in the record to show, that

14

[Moody] complied with TWC's requirement that she perfect the complaint within 14 calendar days of receiving the drafted charge." We reject this argument.

The request from TWC that Moody sign and return the Charge of Discrimination within fourteen days of receiving the draft charge is not statutory. There is also no evidence in the record reflecting when Moody received the Charge of Discrimination from TWC for signature or establishing that Moody failed to sign and return the Charge of Discrimination within fourteen days of receipt.

Lakeview and the City also have not directed us to, nor have we found, any authority stating that the relation-back rule in Section 21.201 requires anything more than the filing of a verified complaint to cure a deficient complaint. *See id.* §§ 21.201(e)–(f) (stating if complaint filed with TWC within 180-days of discriminatory act suffers from technical defects or omissions, plaintiff may cure defects after 180-day period and corrected complaint relates back to the date of complaint first received by TWC). The record reflects that Moody originally filed an unverified complaint on December 27, 2021, that TWC received and accepted her complaint on January 14, 2022, and that she later filed a verified Charge of Discrimination on May 25, 2022. The verified complaint cured the deficiency identified by Lakeview and the City, and under Section 21.202, it related back to the filing of Moody's original complaint on December 27, 2021. *See id*; *see also Hennigan*, 858 S.W.2d at 373 (holding "a verified complaint filed outside of the 180-

day time limit relates back to, and satisfies any deficiencies in an unverified questionnaire filed within the 180-day limit, therefore satisfying the 180-day jurisdictional requirement of section [21.202(a)]"). TWC accepted Moody's complaint and engaged the parties in mediation, ultimately issuing a Notice of Dismissal and Right to File Civil Action. This is evidence that Moody's complaint was timely. *See* TEX. LAB. CODE § 21.202(b) ("The commission shall dismiss an untimely complaint."); *City of La Joya v. Ortiz,* No. 13-06-401-CV, 2007 WL 293019, at *3 (Tex. App.—Corpus Christi–Edinburg Feb. 1, 2007, no pet.) (mem. op.) ("The fact that the Texas Workforce Commission issued a right-to-sue letter, instead of dismissing the complaint as untimely, is additional evidence that the complaint was timely filed" and "creates a genuine issue of material fact regarding whether Ortiz timely filed her complaint.").

At a minimum, Moody's timely but unverified complaint, verified Charge of Discrimination, and TWC's Notice of Dismissal and Right to File Civil Action created a genuine issue of material fact regarding whether Moody timely filed her complaint, thus precluding dismissal of her claim. *See Miranda*, 133 S.W.3d at 227–28 (stating plea to jurisdiction must be denied if jurisdictional evidence, considered in light most favorable to plaintiff, raises at least question of fact as to jurisdictional issue). The trial court thus did not err by denying Lakeview's and the City's Plea to

the Jurisdiction based on Moody's alleged failure to exhaust administrative remedies.

We overrule Lakeview's and the City's second issue.

**The City's Plea**

In its first issue, the City argues for the first time on appeal that the trial court erred in denying its Plea to the Jurisdiction because the City is a distinct legal entity from Lakeview, the City was not Moody's employer, and Moody's pleadings and jurisdictional facts establish that all employment decisions were made by Lakeview, not the City. Although the City did not originally raise this issue in its Plea, we must consider its immunity argument on appeal. *See Dall. Metrocare Servs. v. Juarez*, 420 S.W.3d 39, 41 (Tex. 2013) ("[A]n appellate court must consider all of a defendant's immunity arguments, whether the governmental entity raised other jurisdictional arguments in the trial court or none at all.") (citing *Rusk State Hosp. v. Black*, 392 S.W.3d 88, 94 (Tex. 2012)).

Moody first objects to the City's argument claiming that "at no point, between the complaint initially filed with the TWC in 2021, the mediation led by the TWC, or the underlying filings with the trial court did Appellant City of [El] Lago ever object to being a proper party." Subject matter jurisdiction, however, cannot be waived, and as we have noted, the City may raise this issue for the first time on appeal. *See State v. Morello*, 547 S.W.3d 881, 888–89 (Tex. 2018) (stating

17

"challenges to lack of subject matter jurisdiction may be raised for the first time on appeal"); *see also Dall. Metrocare Servs.*, 420 S.W.3d at 41 (holding governmental entity may raise new immunity arguments on appeal).

Addressing the merits of the City's argument, Moody argues that the City "created and provides the funds for the running of the Lakeview Police Department" and thus "the City of El Lago participates in the management of Lakeview Police Department and may have indirect control of its employees." The TCHRA, however, waives immunity only for governmental "employers" and Moody has not directed us to, nor have we found, any authority extending the TCHRA's waiver of immunity to governmental entities that create, fund, have a role in the management of an employer, or have "indirect control of its employees." *See* TEX. LAB. CODE § 21.051 (prohibiting employers from engaging in unlawful employment practices).

In her appellate brief, Moody asserts she was hired as a police officer by Lakeview, and she does not dispute that the City was not her employer or that her pleadings and jurisdictional facts establish that Lakeview made the employment decisions about which she complains. Moody's complaint, her Charge of Discrimination, and her Original Petition also make clear that the decisions about which she complains were made by Lakeview. In her Charge of Discrimination, Moody alleged that on July 9, 2021, a few days after her C-section, she received a letter from Lakeview Chief of Police Carl Nunn stating she had to return to work

18

and regular duties on August 6, 2021. She then requested to be placed on light duty and "[Chief] Carl Nunn [] denied my request and told me that he could only offer me a demotion to an unpaid position." According to Moody, she then requested unpaid leave and she presented this request to Lakeview Police Commissioners Rob O'Donel and Michael O'Brien, who discussed this request during an executive meeting and "voted to terminate [her] employment." In her TWC complaint filed on December 27, 2021, in the blank requesting the name and title of the persons "who did the harm," Moody identified Lakeview Police Chief Carl Nunn and Lakeview Police Commissioners Jeff Corbin, Rob O'Donel, and Michael O'Brien.

In her Original Petition, Moody alleges that Lakeview Chief of Police Carl Nunn mailed her a certified letter a few days after her C-section stating "she had to return to work and regular duties on August 6, 2021" and that the members of the Lakeview Police Commission who, in part, made the employment decisions were O'Donel and O'Brien. Moody does not identify in her Charge of Discrimination or in her Original Petition any City employees or officials she contends engaged in any discriminatory conduct. And the letters and communications Moody identifies in her Charge of Discrimination and Original Petition as reflecting the purported discriminatory conduct reflect communications with Lakeview Chief of Police Carl Nunn and the Lakeview Police Commissioners.

19

"When a defendant raises a jurisdictional argument for the first time on appeal, remand may be appropriate to afford the plaintiff 'a fair opportunity to address' the jurisdictional argument." *Harris Cnty. v. Annab*, 547 S.W.3d 609, 616 (Tex. 2018) (quoting *Rusk*, 392 S.W.3d at 96). If, however, the party asserting the jurisdictional defense, in this case the City, establishes that (1) "the pleadings or record . . . conclusively negate the existence of jurisdiction," (2) the plaintiff did in fact have a "full and fair opportunity in the trial court to develop the record and amend the pleadings," or (3) even with a remand "the plaintiff would be unable to show the existence of jurisdiction," the case should be dismissed without a remand. *Rusk*, 392 S.W.3d at 96–97.

Moody has not requested an opportunity to replead to address the City's immunity argument should her pleadings be found deficient, nor has she suggested how an amendment would cure the identified jurisdictional defect. *See Tex. A & M Univ. System v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007) ("[W]e agree that Koseoglu deserves the opportunity to amend his pleadings if the defects can be cured. But Koseoglu's pleading defects cannot be cured, and he has made no suggestion as to how to cure the jurisdictional defect."). Furthermore, in response to the City's argument, Moody does not dispute that the City was not her employer or that her pleadings and the jurisdictional facts identify Lakeview Chief of Police Nunn and Lakeview Police Commissioners Corbin, O'Donel, and O'Brien as the

20

persons who made the employment decisions about which she complains. Moody does not allege these actors worked for the City, nor does she identify any City actors who were involved in the purported discriminatory conduct. *See id.* at 837 (stating "when a pleading cannot be cured of its jurisdictional defect, a plaintiff is not entitled to amend"). Moody also does not suggest that any amount of further discovery would alter these undisputed jurisdictional facts. We thus conclude that remand is inappropriate because no amount of future discovery or rephrasing of the allegations could properly waive the City's jurisdiction. *See Annab*, 547 S.W.3d at 616 (concluding court of appeals erred in remanding case to trial court to allow plaintiff to replead and conduct additional discovery where no amount of discovery or rephrasing of allegations could result in plaintiff's establishing county's liability for deputy constable's off-duty criminal act).

Even assuming Moody's pleadings were sufficient, Moody does not challenge the jurisdictional fact that she was employed by Lakeview, which provides an alternative ground requiring the grant of the City's Plea. *See Miranda*, 133 S.W.3d at 227–28 (stating plea to jurisdiction must be granted if evidence conclusively establishes jurisdictional fact). Because Moody does not dispute the City was not her employer and the TCHRA only applies to "employers," the TCHRA does not waive the City's immunity to suit.

We sustain the City's first issue.

21

## Conclusion

We affirm the trial court's interlocutory order denying Lakeview's Plea to the Jurisdiction, reverse the trial court's interlocutory order denying the City's Plea to the Jurisdiction, and render judgment dismissing Moody's suit against the City for lack of subject matter jurisdiction.

<div style="margin-left: 50%;">

Veronica Rivas-Molloy
Justice

</div>

Panel consists of Justices Rivas-Molloy, Johnson, and Dokupil.